560-06/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff STARCHEMS B.V.B.A.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 0335)

RECEIVED
NOV 28 2006
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TITAN MARITIME LTD.,

                Plaintiff,

-against-

ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA
a/k/a ROTOMAC EXPORT PVT LTD. and FROST
INTERNATIONAL LTD.,
                Defendants.
------------------------------------------------------------------x

JUDGE RAKOFF

06 CIV. 13505

**VERIFIED COMPLAINT**

      Plaintiff TITAN MARITIME LTD. (hereinafter "Plaintiff" or "TITAN"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD. (hereinafter collectively referred to as "ROTOMAC") and FROST INTERNATINAL LTD. (hereinafter "FROST"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claims for the breach of a maritime charter party contracts. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. § 1 *et seq.* and § 201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

NYDOCS1/272992.1

2. At all times relevant hereto, Plaintiff was and still is a business entity duly organized and existing under the laws of a foreign country with an address at Exchange Buildings, Republic Street, Valetta VET 05, Malta.

3. At all times relevant hereto, Defendant ROTOMAC was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 201 City Centre 63/2, The Mall, Kanpur 208004 India

4. At all times relevant hereto, Defendant FROST was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 402 Kalpna Plaza 24/147-B, Birhana Road Kanpur 208001 UP India.

5. On or about August 1, 2006, Plaintiff, as owner of the M/V ALINDA, and Defendant ROTOMAC as charterer, entered into a maritime contract of charter party, on an amended GENCON charter party form ("the charter party").

6. Under the charter party, TITAN agreed to let the vessel to Defendant ROTOMAC for the carriage of a cargo of bulk iron ore from Haldia, India to the ports of Lienyungang or Rizhao, China at an agreed hire rate.

7. Consistent with the terms of the charter party, bills of lading identifying FROST as the shipper of the cargo were issued and incorporated the terms and conditions of the charter party.

8. The vessel was duly delivered, loaded with cargo and traveled to China. Contrary to the terms of the contracts, the vessel called at the port of Tianjin Xingang.

9. Plaintiff fully performed all of its obligations under the contracts.

10. Despite due demand and in breach of the applicable contracts, Defendants have refused or otherwise failed to pay the freight, demurrage, despatch and costs for the vessel's call at Tianjin Xingang in the amount of $99,353.30.

11. Upon information and belief, Defendants ROTOMAC and FROST are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the others that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

12. Upon information and belief, Defendant ROTOMAC is the agent of Defendant FROST and is in the business of handling, sending and receiving the property of Defendant FROST.

13. Pursuant to the terms of the applicable contracts, all claims between the parties arising out of the subject contracts are subject to London arbitration, with English law to apply. Plaintiff specifically reserves its right to arbitrate the merits of its dispute with Defendants in London arbitration pursuant to the terms of the contracts.

14. This action is brought in order to obtain security in favor of Plaintiff in respect to Plaintiff's claims against Defendants ROTOMAC and FROST which are subject to arbitration in London. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the arbitration as well as interest, all of which are recoverable as part of the Plaintiff's main claim under English law.

15. After investigation, Defendants ROTOMAC and FROST cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets

within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants, or either of them ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, Bank of India, BNP Paribas, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, UBS AG, UBS Bank, Wachovia Bank, and/or other institutions or such other garnishees who may be served with a copy of the process of Attachment issued herein.

16. The total amount of Plaintiff's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by Plaintiff against Defendants ROTOMAC and FROST includes

   a. Unpaid freight, demurrage, despatch and costs of the vessel's call at Tianjin Xingang in the sum of $99,353.30;

   b. Interest, costs and attorneys fees, all inclusive, in the sum of $15,000.00, which are recoverable under English law as part of the Plaintiff's main claim;

   c. For a total claim amount sought to be attached of **$114,353.30**.


W H E R E F O R E , Plaintiff prays:

   a. That process in due form of law according to the practice of this Court may issue against Defendants ROTOMAC and FROST, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $99,353.30, plus interest, costs and attorney fees;

b. That if the Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendants ROTOMAC and FROST, up to and including the amount of the claim of **$114,353.30** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred for the benefit of the Defendants ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD. and FROST INTERNATINAL LTD., (collectively hereinafter "ASSETS") including, but not limited to such ASSETS as may be held, received or transferred in either of their own names or as may be held, received or transferred for their benefit at, through or within the possession, custody or control of banking institutions including but not limited to ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, Bank of India, BNP Paribas, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, UBS AG, UBS Bank, Wachovia Bank, and any other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c. That the Court enter an order directing Defendants to appear and respond in the London arbitration as required, or, to the extent an award is rendered against either or both Defendants, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
November 28, 2006

                By:

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TITAN MARITIME LTD.

_____
Michael E Unger (MU0045)
Pamela L. Schultz (PS 0335)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )
                  ) ss.:
County of New York )

Michael E. Unger, being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Michael E. Unger

Sworn to before me this
28th day of November, 2006

_____
NOTARY PUBLIC

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08