560-06/MEU/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 2 8 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TITAN MARITIME LTD.,

                          Plaintiff,

- against -

ROTOMAC EXPORT PVT LTD. OF
KANPUR, INDIA a/k/a ROTOMAC EXPORT
PVT LTD. and FROST INTERNATIONAL LTD.

                          Defendants.

------------------------------------------------------------x

JUDGE RAKOFF

06 CV 13505
06 CIV ( )

ORDER DIRECTING CLERK
TO ISSUE PROCESS OF
MARITIME ATTACHMENT &
GARNISHMENT & APPOINTING
PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c) &
CONCERNING SCOPE OF
SERVICE

Upon reading and filing the Verified Complaint of the Plaintiffs herein, verified on the 28th day of November 2006, and the Affidavit of Pamela L. Schultz, sworn to on the same day, that to the best of her information and belief Defendants ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD. and FROST INTERNATIONAL LTD. cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist,

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendants, as described therein, including but not limited to any property of the Defendants (collectively hereinafter "ASSETS"), as may be held, received or transferred in either of their names, to wit: ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD.

NYDOCS1/272999.1

and FROST INTERNATIONAL LTD. or for their benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro, Atlantic Bank of New York, American Express Bank, Bank of America, Bank of India, BNP Paribas, Citibank, Deutsche Bank, HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, UBS AG, UBS Bank, Wachovia Bank, and/or other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of USD $114,353.30 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Pamela L. Schultz, Michael E. Unger, Manuel A. Molina, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendants; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made

commencing from the time of such service through the opening of the garnishee's business the next business day.

Dated: November 28, 2006
New York, New York

_____
U.S.D.J.