560-06/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TITAN MARITIME LTD.
80 Pine Street
New York, NY  10005
Telephone: (212) 425-1900 / Facsimile:  (212) 425-1901
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TITAN MARITIME LTD.,                                               06 CIV. 13505(JSR)

                      Plaintiff,                                    ECF CASE

   -against-                                                       **UNGER AFFIRMATION**

ROTOMAC EXPORT PVT LTD. OF KANPUR,
INDIA a/k/a ROTOMAC EXPORT PVT LTD. and
FROST INTERNATIONAL LTD.,

                      Defendants.
-----------------------------------------------------------------x

      MICHAEL E. UNGER, affirms the following under penalty of perjury:

      1.     I am an attorney admitted to practice before this Court and am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff TITAN MARITIME LTD. ("TITAN").  I submit this affirmation in support of Plaintiff's application to have a foreign arbitral award rendered in favor of TITAN and against Defendant ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD. ("ROTOMAC") recognized and confirmed as a judgment of this Court and in support of TITAN's application to have certain attorneys fees and disbursements incurred in connection with this action also awarded as a judgment on the basis of ROTOMAC's bad faith refusal to pay the arbitral award.

2. Insofar as the contents of this affirmation are within my own knowledge, they are true. Insofar as the contents of this affirmation are not within my own knowledge, they are true to the best of my information and belief.

### The Dispute

3. The dispute between TITAN and ROTOMAC arose under a maritime contract of charter party in connection with unpaid demurrage owed to TITAN by ROTOMAC for utilizing the vessel longer than permitted under the charter, and for certain other damages incurred in relation to using TITAN's vessel at an unauthorized port. The charter required the parties to submit all disputes to arbitration at London, England, to be resolved pursuant to English law. The charter provided further that if the value of the dispute was less than $100,000, then the arbitration would be conducted in accordance with the small claims procedures of the London Maritime Arbitration Association ("LMAA"). A certified copy of the charter, which contains the parties' written agreement to arbitrate at Box 25 and at Clauses 19 and 29, is annexed to the accompanying Watson Declaration as Ex. 1.

4. TITAN demanded arbitration with ROTOMAC with respect to its claims, and ROTOMAC, pursuant to the LMAA small claims procedure, nominated three choices for an arbitrator. TITAN thereafter agreed that one of ROTOMAC's nominees could serve as sole arbitrator. TITAN filed its claim submissions in a timely manner, but ROTOMAC failed to file any opposition within the time permitted. The arbitrator warned ROTOMAC that if it did not file an opposition, a decision would be rendered solely on the basis of TITAN's submissions. ROTOMAC was granted an additional two weeks to file its opposition, but did not do so. ROTOMAC attempted – approximately

one month after the latter deadline had passed – to file an opposition to TITAN's submissions, but the opposition was rejected by the arbitrator as untimely. The arbitrator ultimately issued an award in favor of TITAN and against ROTOMAC. A certified copy of the arbitral award is annexed as Ex. 2 to the accompanying Watson Declaration.

## The Arbitral Award

5. The arbitral award, rendered on July 17, 2007, awarded to TITAN the following:

(a) its main claim for damages of $99,353.30 plus interest on this sum at the rate of 7.75% per annum or pro rata compounded quarterly from November 3, 2006 until paid;

(b) costs in the amount of £2,000 (equivalent to $4,144.30 using the current conversion rate of £1=$2.07215) plus interest on this sum at the rate of 7.75% per annum or pro rata compounded quarterly from July 17, 2007 (the date of the award) until paid;

(c) reimbursement of the cost of the award itself in the amount of £1,500 ($4,144.30) plus interest on this sum at the rate of 7.75% per annum or pro rata compounded quarterly from December 27, 2006 until reimbursed.

6. The arbitral award is final and conclusive between the parties. ROTOMAC was provided a copy of the arbitral award and TITAN demanded payment against the award, but to date ROTOMAC has made no payment against the award. ROTOMAC has not taken any steps to appeal the award, either.

### Recognition and Enforcement of the Arbitral Award is Proper

7.  The New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* provides an essentially ministerial process by which foreign arbitral awards, such as the arbitral award issued in London, England in this case, may be recognized and enforced as judgments. All that is required is that the application be timely, that the applicant provide certified copies of the written agreement to arbitrate and the arbitral award, and that none of the few grounds for non-recognition set forth in the New York Convention be present.

8.  TITAN has satisfied all of these requirements. The arbitral award was rendered in July 2007, which is well within the 3-year time limit. The Watson Declaration, submitted herewith, contains certified copies of the written agreement to arbitrate and the arbitral award itself. None of the grounds for non-recognition, it is submitted, can be raised in good faith in this action. Accordingly, judgment should be entered on the arbitral award.

### TITAN Should Be Awarded Attorneys Fees

9.  This action was initially filed on November 28, 2006 to secure what was at the time TITAN's pending claims in the London arbitration. Once the arbitral award was issued on July 17, 2007, though, and once it became clear that ROTOMAC was refusing to make any payment against the award, this action evolved into a suit for the purpose of enforcement of the award.

10. Service of the summons and verified complaint in this action was timely made on ROTOMAC, but to date, ROTOMAC has not appeared, answered, or otherwise moved with respect to this action. ROTOMAC's default has been noted by the Clerk.

11. ROTOMAC's refusal or other failure to pay the arbitral award is, *per se*, in bad faith and TITAN should be awarded the legal fees and disbursements it has incurred in enforcing payment on the arbitral award.

12. A copy of this firm's invoice for fees and disbursements incurred from July 17, 2007 to date is annexed as Ex. 1 hereto. Attorney-client privileged information contained in the invoice has been redacted. TITAN is not requesting its fees and disbursements incurred prior to July 17, 2007 on the basis that such fees were not incurred in connection with an attempt to enforce an already-issued arbitral award, but were instead incurred in connection with an attempt to secure what was (prior to July 17, 2007) an ongoing arbitration. Those fees and disbursements total $4,035.24.

13. Plaintiff TITAN's request for attorneys fees and disbursements incurred is of course discretionary with the Court, but as set forth in the accompanying Memorandum of Law, the request is entirely just and reasonable under established precedent and it is submitted that an award of attorneys fees and disbursements should be made a judgment of this Court in addition to the amounts set forth in the arbitral award.

Dated: New York, New York
      November 1, 2007

Respectfully submitted,

_____
MICHAEL E. UNGER

Exhibit 1

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
reception@freehill.com
www.freehill.com

TAX ID NO.: 13-1985797

October 31, 2007

YOUR REF: 06/FDD/A/PRW/JEO
OUR REF: 560-06/LJK
INTERIM INVOICE # 118017

North of England P&I Association
The Quayside
Newcastle Upon Tyne  United Kingdom  NE1
Attn:  Paul Watson

**RE: ALINDA**
   Attachment against Rotomac and Frost
   International on behalf of Titan
   Maritime Inc.

TO PROFESSIONAL SERVICES RENDERED AND DISBURSEMENTS INCURRED in connection with the captioned matter from February 1, 2007 through October 31, 2007   as more particularly described below:

| | | | |
|---|---|---|---|
| 7/17/07 | MEU | .40 | Receiving and reviewing correspondence from Mr. Watson forwarding award and payment demand; acknowledging same; confirming service accomplished by Clerk of Court; |
| 7/18/07 | MEU | .20 | Receiving and reviewing e-mail from Mr. Watson to Rotomac demanding payment; |
| 8/30/07 | MEU | .10 | Conferring by telephone with Ms. Kershaw regarding status; |
| 9/07/07 | MEU | .70 | Receiving and reviewing e-mail from Mr. Watson to Mr. Pratap inquiring regarding service on Rotomac and instructing to take steps to enforce the award, etc.; receiving and reviewing e-mail from Mr. Pratap regarding documents served on Rotomac on 8/1; receiving and reviewing scanned copy of acknowledgment of services, etc.; writing |

NYDOCS1/292983.1

|          |     |      | Mr. Watson regarding preparation of motion to enforce award, etc.; instructing regarding motion; |
|----------|-----|------|---|
| 9/11/07  | JPG | 2.30 | Reviewing file; preparation of Memorandum of law in support of motion to recognize and enforce a foreign arbitral award; preparation of Watson declaration; |
| 9/12/07  | MEU | .30  | Reviewing Watson declaration in support of motion to recognize and enforce award; |
| 9/12/07  | JPG | 1.70 | Continued preparation of Watson Declaration; preparation of Statement of Damages; preparation of Unger Affirmation; |
| 9/13/07  | JPG | 2.50 | Review file for information needed to complete motion papers; check court docket re: information needed for Order to Show Cause; update memo of law; prepare draft form of order; |
| 9/18/07  | JPG | 1.50 | Prepare order for entry of judgment; prepare Unger affidavit to obtain Clerk's certificate of default; preparing clerk certificate of default; checking and calculating attorneys fees; |
| 10/08/07 | MEU | .70  | Receiving and reviewing e-mail from Mr. Watson forwarding Mr. Pratap statement for services; redrafting Watson declaration; forwarding to Mr. Watson for review and comment; |
| 10/09/07 | MEU | .20  | Receiving and reviewing e-mail from Mr. Watson with suggested revisions to declaration; |
| 10/10/07 | MEU | .40  | On revisions to Watson declaration; forwarding to Mr. Watson for signing; conferring with JPG regarding preparation of motion papers; |
| 10/10/07 | JPG | 1.20 | Updating Declaration of Paul Watson as per e-mail; recalculating and updating damages; office conference with MEU; preparing e-mail; preparing updated Unger Affidavit in support of Clerk's Certificate; updating Clerk's Certificate of Default |
| 10/11/07 | MEU | .40  | Receiving and reviewing e-mail from Mr. Watson forwarding signed declaration; on preparation of motion to confirm; |
| 10/11/07 | BGC | 1.50 | Attendance at SDNY to submit papers regarding default of defendant Rotomac; appearance before Orders and Judgments clerk who reviewed the documents and applied the Seal of the Court; advise JG and JS that after the documents are filed electronically hard copy of |

NYDOCS1/292983.1

FREEHILL HOGAN & MAHAR LLP

|          |     |      |                                                                                                                                                                                                                 |
|----------|-----|------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          |     |      | certificate with raised seal to be mailed to Court;                                                                                                                                                             |
| 10/12/07 | JS  | .30  | Telcon with clerk of court re e-filing clerk's certificate already issued; scan and email same to clerk; prepare and send courtesy copy to Judge Rakoff via mail;                                                |
| 10/15/07 | JPG | 1.60 | Calculating attorneys' fees in collection; preparing redacted exhibit (FH& M Bill); preparing other exhibits;                                                                                                   |
| 10/30/07 | LJK | 1.40 | Review individual rules of Judge Rakoff; draft letter to Court; draft notice of motion; review motion papers and office conference with MEU re strategy;                                                        |
| 10/31/07 | LJK | 4.30 | Draft, revise and edit motion papers for recognition and enforcement of foreign arbitral award and request for attorneys fees incurred in enforcement; further review letter to Court; office conference with MEU re same. |

**FEES:**                                                                                                         4,028.50

SUMMARY OF PROFESSIONAL SERVICES:

| TIMEKEEPER          | HOURS | RATE   | AMOUNT   |
|---------------------|-------|--------|----------|
| Michael E. Unger    | 3.40  | 265.00 | 901.00   |
| Larry J. Kahn       | 5.70  | 205.00 | 1,168.50 |
| Barbara G. Carnevale| 1.50  | 165.00 | 247.50   |
| Jan P. Gisholt      | 10.80 | 155.00 | 1,674.00 |
| Joan Sorrentino     | .30   | 125.00 | 37.50    |
|                     | 21.70 |        | 4,028.50 |

DISBURSEMENTS:

| Telephone Expenses | 1.19 |
| Photocopy Expenses | 5.55 |

**TOTAL DISBURSEMENTS:**                                                                                          6.74

INVOICE TOTALS:

|                    |    |          |
|--------------------|----|----------|
| FEES:              | $  | 4,028.50 |
| DISBURSEMENTS:     |    | 6.74     |
| INVOICE TOTAL:     | $  | 4,035.24 |

NYDOCS1/292983.1

FREEHILL HOGAN & MAHAR LLP