560-06/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TITAN MARITIME LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TITAN MARITIME LTD.,                                          06 CIV. 13505(JSR)

                      Plaintiff,                                 ECF CASE

   -against-

ROTOMAC EXPORT PVT LTD. OF KANPUR,
INDIA a/k/a ROTOMAC EXPORT PVT LTD. and
FROST INTERNATIONAL LTD.,

                      Defendants.
------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECOGNIZE AND ENFORCE ARBITRAL AWARD AS JUDGMENT AND FOR FURTHER JUDGMENT AWARDING CERTAIN ATTORNEYS FEES AND DISBURSEMENTS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
TITAN MARITIME LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (fax)

Of Counsel
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

NYDOCS1/290067.3

## PRELIMINARY STATEMENT

Plaintiff TITAN MARITIME LTD. ("TITAN"), by and through its undersigned counsel, Freehill Hogan & Mahar, LLP, respectfully submits this Memorandum of Law in support of its motion for recognition and enforcement of a foreign arbitral award issued in its favor and against Defendant ROTOMAC EXPORT PVT LTD. OF KANPUR, INDIA a/k/a ROTOMAC EXPORT PVT LTD. ("ROTOMAC") pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* TITAN also moves for judgment awarding certain attorneys fees and costs incurred in connection with this action to enforce the arbitral award, all as set forth more particularly herein.

## FACTS

The facts pertinent to this application are relatively straightforward. TITAN, as owner of the M/V ALINDA, entered into a maritime contract of charter party dated August 1, 2006 with ROTOMAC whereby TITAN let its vessel to ROTOMAC pursuant to certain terms and conditions for the carriage of ROTOMAC's cargo of bulk iron ore from India to China. The charter fixed the amount of time ROTOMAC could use to load and discharge the cargo, and (essentially) any extra time used by ROTOMAC would be charged as demurrage.

ROTOMAC incurred demurrage charges by utilizing the vessel for more time than was allotted under the charter to load and discharge, and TITAN incurred other damages by ROTOMAC's use of the vessel at an unauthorized port. TITAN's claim against ROTOMAC for demurrage and other damages arising under the charter was for the sum of $99,353.30, and TITAN made demand of ROTOMAC for payment. ROTOMAC,

NYDOCS1/290067.3                              1

however, refused or otherwise failed to pay.

The charter party contained a written agreement to arbitrate that provided that all disputes were to be resolved by arbitration at London, England, with English law to govern, and that for claims under $100,000, the small claims procedure of the London Maritime Arbitration Association ("LMAA") would apply. TITAN demanded arbitration and in keeping with LMAA small claims procedure, ROTOMAC responded by nominating three arbitrators acceptable to ROTOMAC. TITAN agreed to allow one of ROTOMAC's nominated arbitrators to serve as sole arbitrator for the dispute and TITAN timely thereafter submitted its claim.

ROTOMAC did not respond or otherwise oppose TITAN's claim submission within the time allotted, and the arbitrator issued a warning to ROTOMAC that if it failed to oppose TITAN's claim submission, than an award would be issued after consideration of only TITAN's submission. The arbitrator granted ROTOMAC an additional 14 days to file its opposition, if any. No opposition was timely filed. ROTOMAC did attempt to file an opposition, approximately one month after the deadline for doing so had passed. The arbitrator rejected the opposition papers as untimely and proceeded to issue an award based solely on the timely submissions of TITAN.

The arbitrator issued a final arbitral award, conclusive between the parties, from which no appeal has been taken, awarding TITAN the following:

    (a) its main claim for damages of $99,353.30 plus interest on this sum at the rate of 7.75% per annum or pro rata compounded quarterly from November 3, 2006 until paid;

    (b) costs in the amount of £2,000 (equivalent to $4,144.30 using the current conversion rate of £1=$2.07215) plus interest on this sum at the rate of 7.75% per

annum or pro rata compounded quarterly from July 17, 2007 (the date of the award) until paid; and

(c) reimbursement of the cost of the award itself in the amount of £1,500 ($4,144.30) plus interest on this sum at the rate of 7.75% per annum or pro rata compounded quarterly from December 27, 2006 until reimbursed.

A copy of the arbitral award was served on ROTOMAC with a request for payment, but ROTOMAC has refused or otherwise failed to make any payment against the award.

The instant action was filed in November 2006 to secure what was at the time TITAN's pending claims in arbitration. Once the arbitral award was issued, however, this action evolved into one to enforce the arbitral award. ROTOMAC has had more than adequate time to pay the arbitral award and its continued refusal or failure to do so, particularly in light of multiple requests for payment, is *per se* in bad faith.

## ARGUMENT

### POINT I

### THE COURT SHOULD RECOGNIZE AND ENFORCE THE ARBITRAL AWARD AGAINST ROTOMAC AS A JUDGMENT OF THIS COURT

The United States is a signatory to the New York Convention for the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), and the enacting legislation is codified at 9 U.S.C. §201 *et seq.* The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1.

The arbitral award rendered in this matter was made in London, England, and therefore was not a domestic award in the State of New York. Accordingly, the arbitral

NYDOCS1/290067.3                           3

award is subject to recognition and enforcement under the New York Convention.

The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award provide the following:

(a) The duly authenticated original award or a duly certified copy thereof; and

(b) The original agreement to arbitrate or a duly certified copy thereof.

9 U.S.C. §201, Article IV, Section 1.

In this matter, Plaintiff TITAN has provided a duly certified copy of the arbitral award and has provided a duly certified copy of the original agreement to arbitrate contained within the charter party agreement (annexed as exhibits to the Watson Declaration). Upon submission of these documents, the Court *must* recognize and enforce the foreign arbitral awards. 9 U.S.C. §201, Article III.

Pursuant to the terms of the New York Convention, recognition and enforcement may be refused *only if* the party against whom recognition and enforcement is invoked furnishes proof pursuant to one of the few exceptions enumerated in Article V of the Convention. 9 U.S.C. §201, Article V. It is respectfully submitted that no such proof exists or will be submitted in this matter.

This motion is timely. 9 U.S.C. §207 provides that:

> [w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

The award was issued in July 2007, which is well within the three year time limitation. No appeal has been made against the arbitral award, and the arbitral award is final,

conclusive, and capable of enforcement.

In light of the foregoing, Plaintiff TITAN respectfully submits that the arbitral award should be recognized and confirmed as a judgment of this Court in keeping with the New York Convention.

## POINT II

### TITAN SHOULD BE AWARDED CERTAIN ATTORNEYS FEES AND DISBURSEMENTS IN CONNECTION WITH THIS ACTION

This Court has sufficient independent authority to award reasonable attorneys' fees and costs incurred by TITAN as a result of Defendant's failure to satisfy the arbitral award rendered in the London arbitration.  *See, e.g.*, In the Matter of the Arbitration Between Bulkcarriers, Ltd. and Societe Al Alam Int'l, 1983 A.M.C. 1501, 1502 (S.D.N.Y. 1983) ("[i]t has been held that a court may assess attorney's fees for willful and unjustified refusal to abide by an arbitrator's award") (*citing* Nat'l Ass'n of Letter Carriers v. U.S. Postal Serv., 590 F.2d 1171 (D.C. Cir. 1978); United Steelworkers of Am. v. Interpace Corp., 447 F. Supp. 387 (W.D. PA. 1978); *see also* Int'l Union of District 50, United Mine Workers of Am. v. Bowman Transp. Inc., 421 F.2d 934, 935 (5th Cir. 1970) (the court in the exercise of equity may grant a petitioner's request for costs and attorneys fees).

It is undisputed that Defendant ROTOMAC agreed to arbitrate this matter in London. ROTOMAC participated in the arbitration by nominating the sole arbitrator, and by opposing TITAN's submissions. Notwithstanding its agreement to arbitrate this matter and its actual participation in the arbitration, ROTOMAC has unjustifiably refused or otherwise failed to satisfy the arbitral award, causing TITAN to engage in collection efforts in England and now the United States. Plaintiff TITAN respectfully requests that

the judgment to be rendered against Defendant ROTOMAC include reasonable attorneys' fees and costs, in the amount of $4,035.24 as set forth in the accompanying Unger Affirmation, which have been incurred in bringing the enforcement element of this action.

## CONCLUSION

For all the foregoing reasons, TITAN's motion to recognize and enforce the arbitral award should be granted and judgment entered accordingly. Moreover, Judgment should also be issued awarding TITAN its attorneys fees and disbursements incurred in enforcing the arbitral award which ROTOMAC unjustifiably and in bad faith has refused or otherwise failed to pay.

Dated: New York, New York
    October 31, 2007

                        FREEHILL HOGAN & MAHAR, LLP
                        Attorneys for Plaintiff
                        TITAN MARITIME LTD.

By: _____
     Michael E. Unger (MU 0045)
     Lawrence J. Kahn (LK 5215)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 fax